UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES A., ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:19-CV-180-JVB |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

Plaintiff James A. seeks judicial review of the Social Security Commissioner's decision denying him disability insurance benefits and supplemental security income and asks this Court to reverse that decision and either award benefits or remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this case for an award of benefits to Plaintiff.

### PROCEDURAL BACKGROUND

In Plaintiff's August 18, 2015 applications for benefits, he alleged that he became disabled on November 11, 2014. After a hearing in 2017, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of osteochondral defect and osteoarthritis of the right ankle, lumbar spine degenerative disc disease, obesity, and calcaneal Achilles and plantar insertion spurs with mild thickening of plantar fascia of the left ankle. The ALJ found that Plaintiff is unable to perform any past relevant work but acquired work skills from that past relevant work and is able to perform the occupations of routing clerk and taxi cab starter. The testimony is that there are 14,500 of these jobs in the national economy. The ALJ found this to be a significant number of jobs and, consequently, found Plaintiff to be not disabled from November 11, 2014,

through May 23, 2018, the date of the decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ's decision should be reversed because the ALJ did not identify a significant number of jobs in the economy that Plaintiff can perform. Because this issue is dispositive, the Court will not need to address Plaintiff's other arguments.

2

Under the relevant regulations, "work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country." 20 C.F.R. §§ 404.966(a), 416.1566(a). The Seventh Circuit Court of Appeals has clarified that regional or state numbers are not needed in making the "significant number" determination. *Alaura v. Colvin*, 797 F.3d 503, 507 (7th Cir. 2015).

The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work

> except the claimant is limited to standing and/or walking in combination for two hours and sitting for six hours in an 8-hour workday. The claimant can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. The claimant cannot operate foot controls.

(AR 22-23).

The ALJ asked the vocational expert (VE) what jobs could be performed by a hypothetical individual with Plaintiff's RFC and that used the transferrable skills that Plaintiff had acquired in his past relevant work. (AR 88 (describing RFC); AR 90). The VE testified that there are only two jobs meeting these criteria: routing clerk (approximately 8,700 jobs in the national economy) and taxi cab starter (approximately 5,800 jobs in the national economy). (AR 90). Put another way, the VE testified that there are only approximately 14,500 jobs in the national economy that Plaintiff can perform.

The parties disagree whether 14,500 jobs in the nation economy meets the threshold of a "significant number of jobs." As Plaintiff identifies, last year, a judge in this judicial district found that 120,350 jobs in the national economy (0.080% of the total jobs in the economy) was not a significant number. *Sally S. v. Berryhill*, No. 2:18-cv-460, 2019 WL 3335033, at *11 (N.D. Ind. July 23, 2019). As 14,500 is approximately one eighth of 120,350, approximately 0.010% of the total jobs in the economy—that is, one in every ten thousand jobs—can be performed by Plaintiff.

3

The Commissioner dismisses *Sally S.* as an outlier and points to *Liskowitz v. Astrue*, 559 F.3d 736 (7th Cir. 2009), and *Weatherbee v. Astrue*, 649 F.3d 565 (7th Cir. 2011), instead.[1] In *Liskowitz*, regional numbers were used instead of national numbers. The court determined that 4,000 jobs in the Milwaukee area was a significant number and noted that "it appears to be well-established that 1,000 jobs is a significant number." 559 F.3d at 743. But, again, these are regional numbers, and the VE did not provide regional numbers for Plaintiff's jobs. In *Weatherbee*, the court found that 3,900 jobs in the regional economy and 140,000 jobs in the national economy were "well above the threshold for significance." 649 F.3d at 572. The total number of approximate jobs in the national economy testified to by the VE was 145,800 jobs. *See id.* at 568. While *Weatherbee* might give credence to the assertion that *Sally S.* is an outlier, the number of jobs at issue here is just under one tenth of *Weatherbee*'s "significant number."

The non-precedential opinion of *Primm v. Saul*, 789 F. App'x 539, 546 (7th Cir. 2019), decided after *Sally S.*, also casts doubt on *Sally S.* The *Primm* court determined that 110,000 jobs in the national economy was significant. However, it appears that this decision is based on a misconception that *Liskowitz*'s discussion of 1,000 jobs as significant was for jobs in the national economy instead of a regional economy. *See* 789 F. App'x at 546 (citing *Liskowitz*, 559 F.3d at 743). Even with this misconception, the 14,500 jobs here are still well below the 110,000 jobs under consideration in *Primm*.

---

[1] The Commissioner also identifies the following cases from outside the Seventh Circuit that are not precedential here: *Sanchez v. Comm'r of Soc. Sec.*, 705 F. App'x 95, 99 (3d Cir. 2017) (finding 18,000 jobs in national economy is a significant number); *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (finding 6,000 jobs in national economy is significant number); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (finding 200 jobs in Iowa and 10,000 jobs in nation economy are significant numbers, especially since the VE "further testified that these figures were merely representative of a larger category of jobs that [the plaintiff] could perform"). *Taskila* relies, at least in part, on a misunderstanding that the 1,000 jobs discussed in *Liskowitz* was the national economy number. *See* 819 F.3d at 905.

Similarly, the court in *Joseph M. v. Saul*, No 18 C 5182, 2019 WL 6918281, at *17 (N.D. Ill. Dec. 19, 2019), cited *Primm* and *Liskowitz* in finding that 40,000 jobs in the national economy is a significant number. The reliance on *Liskowitz*'s regional threshold is once again suspect (and, by extension, so is the reliance on *Primm*), but even with this questionable basis for the decision, the number of jobs found to be significant is still more than two and a half times greater than the number of jobs at issue here.

The United States Census Bureau estimates Indiana's population as of July 1, 2019, to be 6.7 million, which is approximately 2% of the United States' estimated population of 328 million as of that same date. https://www.census.gov/quickfacts/IN (last visited July 10, 2020); https://www.census.gov/quickfacts/fact/table/US/ (last visited July 10, 2020). While specific jobs are not evenly distributed per capita throughout the country—for example, it is reasonable to expect more taxi drivers per capita in urban New Jersey than in rural Montana—the Court notes that 2% of 14,500 jobs is 290 jobs. In rendering this decision, the Court does not rely on this rough approximation of the jobs available in Indiana but instead identifies it for illustrative purposes to explain why *Liskowitz*'s finding that 1,000 jobs is "well-established" as a significant number of jobs in a regional economy is of extremely limited utility for the analysis needed here.[2] Had the Commissioner wanted to use regional numbers, he could have instructed his ALJs to request testimony from the VEs on this point.

There is no factual dispute here. The parties are in agreement, on this point at least, as to what the record says and on what pieces of the record the ALJ relied in making her decision. Ultimately, the Court is tasked with determining the legal question of whether 14,500 jobs in the

---

[2] Perhaps more instructive would be *Schadenfroh v. Colvin*, in which the Court had "little hesitation in finding that a total of 242 jobs in Indiana . . . is not a significant number." No. 1:13-cv-223, 2014 WL1260123, at *12 (S.D. Ind. Mar. 27, 2014).

national economy is a significant number of jobs for the purposes of determining the fifth step of the sequential disability analysis.

To the Court's knowledge, 14,500 is far below any national number of jobs that the Seventh Circuit Court of Appeals has determined to be significant. The Court concludes that, as a matter of law, 14,500 jobs, or approximately 1 out of every 10,000 jobs, in the national economy is not a significant number of jobs. Because the VE testified that these are the only two jobs fitting the criteria identified by the ALJ, the evidence points to only one conclusion—that Plaintiff is disabled. Therefore, the Court will award benefits. *See Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in the Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration [DE 18]. The Court **REVERSES** the decision of the Commissioner of Social Security and **REMANDS** this case for an award of benefits.

SO ORDERED on July 10, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
