UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES K. ARINGTON,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 1:19-CV-180-JVB |
| KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Order Directing Month-By-Month Accounting in Compliance with Prior Order Remanding Case for Award of Benefits [DE 34] and on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [DE 35] filed by Plaintiff on February 9, 2022. The Commissioner filed a response on February 23, 2022, and Plaintiff filed a reply on February 28, 2022.

### BACKGROUND

Plaintiff initiated this cause of action on April 24, 2019, by filing a complaint seeking review of the Commissioner's final decision that Plaintiff was not eligible for disability insurance benefits or supplemental security income. On July 10, 2020, the Court issued an opinion and order that reversed the Commissioner's decision and remanded the case to the agency for an award of benefits. The Court did not specify or attempt to calculate the amount of benefits to which Plaintiff is entitled. The Judgment provides only that "[t]he decision of the Commissioner of Social Security is REVERSED and REMANDED for an award of benefits." (Judgment, ECF No. 24).

On May 2, 2021, Plaintiff's attorney filed a motion for an award of attorney fees under 42 U.S.C. § 406(b). In that motion, Plaintiff's attorney noted that the Social Security Administration issued to Plaintiff and his two dependents notices of award (or equivalent documents), which

calculated past due benefits totaling $94,517, twenty-five percent of which is $23,629.25. In a June 7, 2021 order, the Court awarded § 406(b) fees as a net award (which subtracted the $7,020 in fees already awarded under the Equal Access to Justice Act) of $16,609.25.

## ANALYSIS

### A. Motion for Accounting

In the motion to order an accounting, Plaintiff argues that implicit in this Court's order for an award of benefits is an order for the Social Security Administration to provide "a comprehensible month by month accounting."[1] (Mot. Accounting at 2, ECF No. 34). Plaintiff contends that this relief is implied in the Court's judgment and is therefore within the Court's authority to enforce pursuant to Federal Rule of Civil Procedure 70.

The Court must be assured of its jurisdiction to hear this matter. Normally, jurisdiction to review a social security matter comes from 42 U.S.C. § 405(g), which grants to courts the authority to affirm, modify, or reverse "the decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). Only final decisions can be judicially reviewed, and administrative remedies must be exhausted even when constitutional claims[2] are brought. *See Ancillary Affiliated Health Servs., Inc. v. Shalala*, 165 F.3d 1069, 1070-71 (7th Cir. 1998). Plaintiff admits that his motion comes without an administrative law judge or appeals council decision on the issue, so there is no final decision of the Commissioner on this matter. Accordingly, § 405(g) does not grant the Court jurisdiction to hear this matter.

---

[1] Plaintiff asserts that no such accounting was provided to Plaintiff regarding his own past-due benefits, though accountings were provided for his two dependents.

[2] Plaintiff has invoked his constitutional rights of both Due Process and Equal Protection in his motion.

Plaintiff contends that the Court has jurisdiction via another route: ancillary jurisdiction. The Commissioner asserts that there is no ancillary jurisdiction over the parties' dispute and, even if there is, the Court should decline to exercise it.

Ancillary jurisdiction exists to permit a court "to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Harrington v. Berryhill*, 906 F.3d 561, 567 (7th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380 (1994)). Ancillary jurisdiction cannot be used to hear a dispute that "inject[s] so many new issues that it is functionally a separate case." *Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997). Even where ancillary jurisdiction is available, exercising that jurisdiction is "discretionary based on the extent to which the new issues are closely connected to the original dispute, whether there exists some independent basis for jurisdiction over the new claims, and whether the facts suggest it would be prudent to do so." *Harrington*, 906 F.3d at 568.

In *Harrington*, attorney fee awards under the Equal Access to Justice Act (EAJA) were offset due to outstanding debts of the social security claimants. *Id.* at 563. The claimants asked the court to compel the government to reverse the offsets, reinstate the debts paid through offset, and pay the claimants' counsel instead. *Id.* at 564. The Seventh Circuit Court of Appeals declined to exercise ancillary jurisdiction over "questions of the interaction between EAJA and state law or . . . collateral constitutional or statutory attacks to the Treasury Offset Program." *Id.* at 566. The court noted that the dispute was between the attorneys and the treasury department—neither of which was a party to the original social security matter—and explained that the proper vehicle to litigate the matter was through a new suit under the Administrative Procedure Act. *Id.* at 568.

Here, the issue of an accounting of Plaintiff's benefits is connected to Plaintiff's counsel's request for fees under 42 U.S.C. § 406(b). It is not as clear of a case as *Harrington*, where the

3

funds themselves were in dispute, but it is apparent that Plaintiff's counsel sees a connection between the two; he filed a motion for § 406(b) fees contemporaneously with the instant motion. On the other hand, Plaintiff himself receives a benefit from ensuring that the benefits due him are accurately calculated. A further difference between this case and *Harrington* is that the Commissioner's actions are being disputed, not the actions of a separate federal agency.

Still, the precise calculation of the fees and Plaintiff's disputes with the calculations and how they have been communicated to him are far afield from the original dispute in this case, which was whether the Commissioner erred in determining that Plaintiff was not entitled to disability insurance benefits and supplemental security income. The Court determined that Plaintiff was so entitled, but the Court did not calculate the amount of benefits and income to which Plaintiff was entitled, nor did it specify how the Commissioner was to go about doing so. The Court's analysis centered on determining what constitutes a "significant number" of jobs in the national economy. *See James A. v. Saul*, 471 F. Supp. 3d 856, 859-60 (N.D. Ind. 2020). The analysis needed to resolve the instant matter is a completely different topic. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996) (finding exercise of ancillary jurisdiction unjustified because "[t]he claims in these cases have little or no factual or logical interdependence, and, under these circumstances, no greater efficiencies would be created by the exercise of federal jurisdiction over them").

Further, Plaintiff has an available avenue to pursue his requested relief: through the administrative review process, which, at its conclusion, will lead to the ability to seek judicial review by the courts. *See* 42 U.S.C. 405(g), (h). The agency's calculation of benefit amounts, underpayment amounts, windfall offsets, and many other issues are initial determinations under 20 C.F.R. § 404.902 for which the next step of administrative review is reconsideration under 20

C.F.R. § 404.907. The Court finds that it would be imprudent to permit a claimant to bypass the exhaustion of administrative remedies solely in the name of ancillary jurisdiction.

The Court does not need to take up this dispute to manage the Court's proceedings, vindicate its authority, or effectuate its orders. Plaintiff has another path through which to pursue his desired relief. The inquiry necessary for the Court to resolve the dispute here is independent of and dissimilar to the Court's prior orders in this case. Exerting ancillary jurisdiction here would be imprudent and would frustrate the administrative review process. Therefore, the Court will not exercise ancillary jurisdiction over the dispute presented.

### B. Motion for Attorney Fees

On June 7, 2021, the Court granted Plaintiff's unopposed motion for $23,629.25 in attorney fees, which was entered as a net award (subtracting the EAJA fee which needed to be refunded to Plaintiff) of $16,609.25. This covered the past-due benefits for Plaintiff and his two dependents.

Plaintiff now requests a supplemental award of $2,299.12 because he believes January 2022 documents from the Social Security Administration show that his past-due benefits were higher than originally believed.

The Court agrees with the Commissioner that this motion is at odds with Plaintiff's motion to compel a month-by-month accounting. Either Plaintiff knows his amount of past-due benefits—in which case the motion for accounting is unnecessary—or Plaintiff does not know the amount of his past-due benefits and cannot calculate the 25% of his past-due benefits, which Plaintiff has agreed to pay his attorney.

In any event, past-due benefits are those which accumulate "because of a favorable administrative or judicial determination or decision, up to but not including the motion the determination or decision is made." 20 C.F.R. § 404.1703. This Court awarded benefits in an order

5

issued in July 2020, so the § 406(b) fee is based on the past-due benefits accumulated through June 2020. Program Operations Manual System (POMS) GN 03920.060B.1. Thus, Plaintiff's calculations, which are based on past-due benefits through March 2021 do not establish that the attorney fee should be increased.[3] (See Mot. Fees at 3, n.1, ECF No. 35 (excluding only April 2021 to November 2021 as "non-backpay months"). Because Plaintiff has not shown that he is entitled to the relief he seeks, the Court denies this motion.

## CONCLUSION

Therefore, the Court **DENIES without prejudice for lack of jurisdiction** Plaintiff's Motion for Order Directing Month-By-Month Accounting in Compliance with Prior Order Remanding Case for Award of Benefits [DE 34] and **DENIES** Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [DE 35].

SO ORDERED on February 15, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Commissioner, in a footnote, asserts that the award on Plaintiff's first (and unopposed) motion for § 406(b) fees overpaid counsel. The Court has already entered its order on that award, and there is no motion before the Court to reconsider or otherwise disturb that order, so the Court pursues the matter no further at this time.